

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
~~XIXIXIXIXIXIXIXIX~~
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-2895
Re: Is the commissioners' court
legally authorized to direct
payment to more than four
judges and four clerks or
two judges and two clerks
in a precinct where more
judges and clerks than the
number provided by the stat-
utes were actually appointed
and served?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

Your telegram requesting our opinion on the ques-
tion heretofore stated reads as follows:

"In view of Article 2937 and 2938
Revised Civil Statutes is the commissioners
court legally authorized to direct payment
to more than four judges and four clerks or
two judges and two clerks in a precinct where
more judges and clerks than the number pre-
vided by the statutes cited above were actual-
ly appointed and served stop our opinion is
no more may be paid than number authorized
by articles cited above but contention is
necessity of greater number and emergency
authorize departure from statutory limit
stop please advise opinion your office soon
as possible."

Articles 2937, 2938 and 2943, Vernon's Annotated
Civil Statutes, read as follows:

"Article 2937.

"The commissioners court at the February
term shall appoint from among the citizens
of each voting precinct in which there are
less than one hundred voters who have paid
their poll tax and received their certificates
of exemption, two reputable qualified voters
as judges of the election, selected from dif-

ferent political parties, if practicable, who
shall continue to act until their successors
are appointed. When the bounds of the pre-
cinct are changed so that one or more judges
reside outside of the precinct for which they
were appointed, the court shall appoint others
to fill such vacancy or vacancies. One of the
judges who shall, in all cases belong to the
party that at the last general election cast
the largest vote for Governor throughout the
State shall be designated as the presiding
judge at elections; he shall appoint two com-
petent and reputable qualified voters of dif-
ferent political parties if practicable, to act
as clerks of the election. The order appoint-
ing all judges shall be entered of record.
The presiding judge shall act in receiving and
depositing the votes in the ballot boxes, and
the other judge shall act in counting the votes
cast; one clerk shall keep the poll list of
qualified voters, and upon the poll list he
shall write at the time of voting the name and
number of each voter; the other clerk shall
act as canvassing clerk, and shall keep the
tally list of votes counted. Said officers
shall perform such other duties as the presid-
ing judge may direct."

"Article 2938.

"For every precinct in which there are
one hundred citizens or more who have paid
their poll tax or received their certificates
of exemption, the commissioners court shall
appoint four judges of election, who shall be
chosen when practicable from opposing political
parties, one of whom shall be designated as
presiding judge. The presiding and one
associate judge shall act in receiving and
depositing the votes in the ballot box, and
the other two judges shall act in counting
the votes cast. The presiding judge shall
appoint four competent and reputable clerks
who have paid their poll tax, and of dif-
ferent political parties, when practicable;
two of said clerks shall assist in keeping
poll lists and the list of qualified voters;
upon the poll lists they shall write the
name and number of each voter, and at the
time voted. Two clerks shall be canvassing
clerks, who shall keep tally lists of votes
counted and perform such other duties as the
presiding judge may direct. At the close of
the canvassing and during its progress, the

tally clerks shall compare their tally lists and certify officially to their correctness. Provided, that in all elections held under the provisions of this title, other than general elections, local option elections and primary elections, the officers to be appointed by the commissioners court to hold said elections shall be a presiding judge, and assistant judge and two clerks, whose compensation shall be two dollars per day, and two dollars extra to the presiding judge for making return of the election."

"Article 2943.

"Judges and Clerks of general and special elections shall be paid Three Dollars ($3) a day each, and Thirty (30) Cents per hour each for any time in excess of a day's work as herein defined; provided that in all counties having a population in excess of three hundred and fifty-five thousand (355,000) inhabitants, according to the last preceding or any future Federal Census, such Judges and Clerks shall be paid Five Dollars ($5) a day each, and Fifty (50) Cents per hour each for any time in excess of a day's work as herein defined. The Judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars ($2) for that service, provided the polling place of his precinct is at least two (2) miles from the courthouse, and provided also he shall make returns of all election supplies not used when he makes return of the election. Ten(10) working hours shall be considered a day within the meaning of this article. The compensation of Judges and Clerks of general and special elections shall be paid by the County Treasurer of the county where such services are rendered upon order of the Commissioners Court of such county."

Articles 2937 and 2938, supra, make provisions for the appointment of officers to direct and assist in the conduct of an election, and Article 2943, supra, provides for their compensation. It will be noted that in small precincts in which there are less than one hundred voters who have paid their poll tax or received their certificate of exemption, the statute authorizes the appointment of two election judges and the presiding judge shall appoint two clerks, and in large precincts in which there are one hundred citizens or more who have paid their poll tax or received their certificates of exemption, the commissioners' court is authorized

to appoint four election judges and the presiding judge is authorized to appoint four competent and reputable clerks as provided in the statute.

It has long been held by the courts of this State that commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State. Texas Jurisprudence, Vol. 11, p. 564; Commissioners' Court v. Wallace, 15 S. W. (2d) 535; Seward v. Falls County, 246 S. W. 728, and cases cited therein.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the commissioners' court has no legal authority to direct the payment of more than four judges and four clerks appointed under Article 2938, supra, and that in small precincts, as mentioned in Article 2937, supra, the commissioners' court does not have the legal authority to direct the payment of more than two election judges and two clerks.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
    Ardell Williams
    Assistant

AW:RS:jrb

APPROVED DEC. 2, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B.B, Chairman